Doris Lillian **BAGGETT**, Plaintiff,

v.

**ALTO CORPORATION, a corporation, Lanham Machinery Company, Inc., a corporation No. 1, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which designed the Alto Model P–72 Automatic Pillo Pak and Slicer located on the premises of plaintiff's employer, et al., Defendants.**

No. CA78–H–1056–S.

United States District Court,
N. D. Alabama, S. D.

Nov. 15, 1978.

Steven D. Tipler, McDonald, Brown & Tipler, Birmingham, Ala., for plaintiff.

John F. Whitaker and Eugene P. Stutts, Sadler, Sadler, Sullivan, Sharp & Stutts, Birmingham, Ala., for Alto.

Jack J. Hall, McDaniel, Hall, Parsons & Conerly, Birmingham, Ala., for Lanham.

## MEMORANDUM OF DECISION

HANCOCK, District Judge.

Plaintiff commenced this action in the Circuit Court for the Tenth Judicial Circuit of Alabama to recover for injuries allegedly sustained while she was using a bakery slicing machine located on her employer's premises. Asserting that the machine was imminently dangerous and unsafe, plaintiff named Alto Corporation as a defendant, in essence charging it with negligently manufacturing the machine and negligently failing to warn plaintiff that the machine lacked proper safety devices. Plaintiff also named Lanham Machinery Company, Inc. as a defendant, charging both Alto and Lanham with negligent installation and inspection of the machine.

Alabama law expressly permits a plaintiff who is ignorant of the name of an opposing party to join that party by any fictitious name and, when the true name is discovered, thereafter to amend by substituting the true name. Rule 9(h) of the Alabama Rules of Civil Procedure. Any substitution of a real party for a fictitious party relates back to the date of the original pleading. Rule 15(c) of the Alabama Rules of Civil Procedure. This relation back rule is highly significant where the substitution occurs after the expiration of the period for the commencement of the action under the applicable statute of limitations.

In addition to suing Alto and Lanham, plaintiff named thirty separately described fictitious defendants. The designation and description of the first of these fictitious defendants is typical of the designation of all thirty:

"No. 1, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which designed the Alto Model P–72 Automatic Pillo Pak and slicer located on the premises of Plaintiff's employer;"

If plaintiff discovers the identity of the designer of the machine to be different than Alto or Lanham, plaintiff may add that designer as a party. If this addition were made in the state court, the running of the applicable statute of limitations would be tolled as to that designer as of the time the original action was commenced. However, were this action properly removed to this court and the designer added as a party here, the running of the applicable statute of limitations would be tolled only as of the time of the addition of the designer as a party unless the two prerequisites for relation back established in FRCP Rule 15(c) are satisfied. Seldom would those prerequisites be satisfied where the fictitious party is truly unknown and unrelated to a named party.

Defendant Alto, with defendant Lanham joining in, timely removed the state court action to this court on September 26, 1978. The asserted basis for federal jurisdiction is the amount in controversy and the complete diversity of citizenship between plaintiff and the two named defendants. The verified petition for removal does not mention the fictitious parties who were named as defendants by plaintiff, but their presence mandates the remand of this action to the state court. *Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1938). Had plaintiff, in joining the fictitious defendants, failed to describe them in a way that makes them identifiable, their joinder would not prevent removal. But here the plaintiff in joining the fictitious defendants specifically describes them. Under such circumstances a state

court action is not normally[1] removable until: (1) an amendment is filed in the state court substituting real parties for the fictitious parties and the real parties will not interfere with removal based upon diversity; or, (2) plaintiff voluntarily strikes the fictitious defendants and at that time diversity as to the remaining defendants exists; or, (3) some combination of the foregoing occurs, resulting in the elimination of all fictitious defendants; or, (4) plaintiff discontinues her action against the remaining fictitious defendants by announcing ready for trial with fictitious defendants still included as defendants. See generally, *Fidelity & Casualty Co. v. Safeway Steel Scaffolds Co.,* 191 F.Supp. 220 (N.D.Ala.1961).

Defendants argue against remand by pointing out that the complaint does not charge the fictitious parties with any wrongdoing and hence their joinder must be viewed as a sham. But Alabama law does not require a plaintiff to make allegations of wrongdoing against a fictitious party in order to add him as a party under Rule 9(h) and obtain the benefits of Rule 15(c) of the Alabama Rules of Civil Procedure; and the absence of such allegations in a state court complaint, without more, does not establish that the fictitious party was fraudulently added to defeat federal jurisdiction. Moreover in neither of the two cases relied upon by defendants were the fictitious parties sufficiently described to prevent removal. In *Grigg v. Southern Pacific Company,* 246 F.2d 613 (9th Cir. 1957), the defendants were described as "First Doe to Sixth Doe, inclusive," and in *Herrera v. Exxon Corp.,* 430 F.Supp. 1215 (N.D.Cal. 1977), they were described only as "Does I through XX, inclusive." And defendants' argument that the fictitious party in *Fidelity & Casualty Co. v. Safeway Steel Scaffolds Co.,* supra, is better described than in the instant case is totally without merit. In *Fidelity,* Judge Grooms of this court concluded that the presence, up to the time of trial, of "X Company, whose true and cor-

rect name and legal status is otherwise unknown to plaintiff but who was that person, firm or corporation which rented or leased to the S. S. Jacobs Company the scaffold mentioned in plaintiff's complaint" prevented removal to this court until plaintiff announced ready for trial. The fictitious defendants joined here are equally as well described.

The court is of the opinion that this action was removed improvidently and without jurisdiction, and an appropriate order of remand will be entered.

---

1. There may be circumstances where a defendant can remove an action with specifically identified fictitious defendants. For example, the removing defendant might be in position to state in the verified petition for removal that it is the only person fitting such description or that the described person does not exist and was fraudulently added only to defeat removal.