Charles Lloyd ROWE, Sr., Plaintiff,

v.

**FORD MOTOR COMPANY, A Corporation, et al., Defendants.**

Civ. A. No. 83–V–795–S.

United States District Court, M.D. Alabama, S.D.

Sept. 15, 1983.

4. Sec. 1107(a) provides that a debtor in possession shall have all the rights and powers of a chapter 11 trustee.

Warren Rowe, Rowe, Rowe & Sawyer, Enterprise, Ala., M. Clay Alspaugh, James R. Pratt, III, Hogan, Smith & Alspaugh, Birmingham, Ala., for plaintiff.

Hobart A. McWhorter and Jere F. White, Bradley, Arant, Rose & White, Birmingham, Ala., and Joe C. Cassady, Enterprise, Ala., for Ford Motor Co.

S. Mark Jordan, Enterprise, Ala., for McCourry.

## OPINION

VARNER, Chief Judge.

This action originated in the Circuit Court of Coffee County, Alabama. Plaintiff, Charles Rowe, Sr., brought suit as father of Charles Rowe, Jr., deceased, against Ford Motor Company and Randy McCourry to recover damages for the death of Charles Rowe, Jr., who was killed in an automobile accident when riding as a passenger in a Ford Pinto. The complaint alleges that Randy McCourry was the driver of the Ford Pinto in which Rowe was a passenger, that he negligently failed to stop for a stop sign, and that, as a result of his negligence, the Ford Pinto was struck by another vehicle causing Rowe's death. The complaint further alleges that Ford Motor Company negligently failed to design the Ford Pinto to be crash-worthy and as a result of the combination of said failure and the acts of McCourry, Rowe was killed.

The original complaint named Charles Rowe, Sr., as Plaintiff and he is a resident of Alabama. Defendant McCourry is also a resident of Alabama. Defendant Ford is a foreign corporation doing business in Alabama. A number of fictitious defendants were also named.

On the day this case was set for trial in Coffee County, August 1, 1983, Plaintiff announced "ready" for trial without having amended the complaint to substitute named defendants for any fictitious defendant. Defendant Ford immediately removed the case to this Court on grounds of diversity of citizenship. Ford argues Plaintiff's announcing "ready" resulted in the dismissal of all fictitious defendants. McCourry was discharged in Bankruptcy on June 14, 1983. Therefore, Ford argues, McCourry is fraudulently joined and no action may continue against him. Consequently, Ford contends that it is the sole remaining defendant, thereby establishing diversity of citizenship and making this action properly removable.

■ The first question to be resolved is whether Randy McCourry remained a proper party defendant upon his discharge in bankruptcy. McCourry filed a petition in bankruptcy on *February 24, 1983*, which operated to stay all judicial proceedings against him under 11 U.S.C. § 362. On May 24, 1983, the Bankruptcy Judge lifted the automatic stay for the purpose of authorizing Charles Rowe, Sr., to proceed with this civil action against McCourry and his insurer,[1] and it was further ordered that any recovery against McCourry would serve only as the basis for a proof of claim in the bankruptcy proceedings and would not be a recovery against McCourry good after bankruptcy. (See Exhibit A attached to Plaintiff's brief filed herein August 17, 1983). On June 14, 1983, McCourry was

---

1. The parties now concede that there is no insurance.

discharged in Bankruptcy. Section 524(a)(2) of Title 11, U.S.C., provides that:

"(a) A discharge in a case under this title * * * (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any debt as a personal liability of the debtor, or from the property of the debtor, whether or not discharge of such debt is waived; * * *."

Plaintiff argues that the injunction invoked by § 524 did not nullify the Bankruptcy Court's earlier lifting of the automatic stay and that this action should continue against McCourry for the limited purpose of determining his alleged negligence.

Plaintiff was listed as a general creditor in McCourry's petition of bankruptcy. Plaintiff made no objection to McCourry's discharge with respect to the claims asserted herein. The discharge of McCourry in bankruptcy operated to enjoin all creditors holding discharged debts from commencing or continuing any process designed to collect the debt. 3 *Collier on Bankruptcy,* ¶ 524.01 (15th ed. 1982). The Bankruptcy Court's order of discharge enjoined all actions *to collect, recover or offset any debt* from the property of McCourry. See, *Matter of Warren,* 7 B.R. 201, 203 (Bkrtcy.N.D. Ala.1980). Further, the bankruptcy judge's lifting of the automatic stay imposed when McCourry first filed a petition, was for purposes only of establishing a proof of claim in the bankruptcy proceedings and cannot operate to nullify the injunction mandated by § 524 when McCourry was discharged. Although this Court is of the opinion that this action cannot be continued for purposes of collecting against McCourry, the action may be continued for purposes of determining McCourry's liability if that liability is pertinent to the issues in this case.

Plaintiff notes that McCourry had no automobile liability insurance. Plaintiff was covered for such an event through uninsured motorists coverage with his insurer. Plaintiff's right to recover under his uninsured motorist coverage depends upon the legal liability of McCourry. See, *Barnes v. Tarver,* 360 So.2d 953 (Ala.1978). Although a judgment against McCourry would not be a prerequisite to Rowe's recovering under his policy, it nevertheless would be admissible evidence. See, *Gulf American Fire and Casualty v. Gowan,* 283 Ala. 480, 218 So.2d 688 (1969). Additionally, if the uninsured motorist coverage settles some of the joint tort liability, if any, of McCourry, Ford may be entitled to credit therefor as to their liability, if any. Hence, although no recovery can be had against McCourry in this cause, his presence in this cause is relevant and important to the issue of liability with respect to both Plaintiff's uninsured motorist coverage and Defendant Ford's liability.

■ It is this Court's duty in determining diversity of citizenship to consider the citizenship of persons who (1) not only have an interest in the case but (2) whose interest will be directly affected by the rendering of a decree. See, *Hallman v. Safeway Stores,* 368 F.2d 400, 402 (5th Cir.1966). For purposes of determining diversity jurisdiction, parties should be realigned according to their interests. McCourry obviously has no interest in the outcome of the case as he has been discharged in bankruptcy and no recovery can be had against him in this cause. Consequently, McCourry's presence in this case, while relevant to determine liability, is not relevant to determine jurisdiction.

■ Having eliminated McCourry's citizenship as a relevant factor in this cause, the only remaining question for this Court to decide is at what point did the naming of fictitious defendants cease to prevent Ford from removing this case to this Court on grounds of diversity of citizenship. Section 1446(b) of Title 28, U.S.C., provides that a petition for removal may be filed within 30 days after receipt by the defendant of a copy of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Plaintiff argues that a cause of action was never stated against the fictitious defendants and that, therefore, the statute of limitations contin-

ued to run against those parties, and, therefore, any substitution for a fictitious defendant was barred after November 25, 1981. Alternatively, Plaintiff argues that through the taking of depositions, Ford became aware no later than December 5, 1981, that the identity of the fictitious parties were none other than Ford and McCourry. Plaintiff contends that under either situation, if and when McCourry was effectively eliminated as a party to this cause on June 14, 1983, Ford was aware that no other parties existed except for itself and Plaintiff and that, therefore, Ford had 30 days from that point to petition for removal. Because Ford did not petition until August 1, 1983, some 47 days after the right to remove allegedly arose, Plaintiff contends the right to remove has terminated.

This Court is persuaded by the decision of Chief Judge Pointer of the Northern District of Alabama in *Hamby v. Zayre Corporation,* 544 F.Supp. 176 (N.D.Ala.1982), wherein the Court ruled that an action with fictitious parties is not immediately removable on the basis of diversity jurisdiction, regardless of the specificity of the description of, or of charges against, such persons. *Hamby* permits the defendant to wait for removal until one of the following occurrences listed in *Baggett v. Alto Corp.,* 459 F.Supp. 989 (N.D.Ala.1978), or other comparable event:

> "(1) an amendment is filed in the state court substituting real parties for the fictitious parties and the real parties will not interfere with removal based upon diversity; or, (2) plaintiff voluntarily strikes the fictitious defendants and at that time diversity as to the remaining defendants exists; or, (3) some combination of the foregoing occurs, resulting in the elimination of all fictitious defendants; or, (4) plaintiff discontinues her action against the remaining fictitious defendants by announcing ready for trial with fictitious defendants still included as defendants." See, *Baggett,* supra, at 991.

This rule follows from the good reasoning used by Judge Pointer that a defendant's right to removal should not turn on whether he guessed right as to identification of fictitious parties and that a plaintiff has no ground for complaint about a delay in removal because he controls the naming and dismissal of fictitious defendants. In this case, Ford waited until Plaintiff announced "ready" at the beginning of the trial in State Court before removing as was its right.

For the above-stated reasons, it is the opinion of this Court that Defendant Ford timely filed its petition for removal and that this cause is properly before this Court under 28 U.S.C. § 1332. An Order will be entered in accordance with this Opinion.