**Linda MULLINS, Plaintiff,**

v.

**KING'S ENTERTAINMENT COMPANY, d/b/a King's Island, John Doe, Jane Doe and Richard Roe, Defendants.**

**Civ. A. No. 87–1400.**

United States District Court, E.D. Michigan, S.D.

June 22, 1987.

Donald M. Cutler, Southfield, Mich., for plaintiff.

Terrence F. Flynn, Troy, Mich., for defendants.

## MEMORANDUM OPINION

RALPH M. FREEMAN, Senior District Judge.

This litigation was commenced on March 2, 1987 in Wayne County Circuit Court. Plaintiff seeks to recover damages for injuries which she allegedly sustained while riding on an amusement ride at King's Island Amusement Park. Four defendants are named in the complaint: King's Entertainment Company, the alleged owner and operator of the amusement park; John Doe, the alleged distributor of the amusement ride; Jane Doe, the alleged inventor of the amusement ride; and Richard Roe, the alleged manufacturer of the amusement ride. On April 10, 1987, the case was removed to federal court by Defendant King's Entertainment Company. In its removal petition King's Entertainment alleges that the Court has original jurisdiction over this matter based upon diversity of citizenship of the parties. In this regard, King's Entertainment alleges that it is a Delaware corporation with its principal place of business in North Carolina and that Plaintiff is a *resident* of the State of Michigan. Allegations regarding the citizenship of the "Doe" defendants are not set forth in the petition.

This matter is presently before the Court on Plaintiff's motion to remand. Plaintiff asserts two grounds for her motion. First, Plaintiff contends that, as a matter of law, a complaint which names "Doe" defendants is non-removable. In support of this argument, Plaintiff refers the Court to *Pullman v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939), and *Goldberg v. CPC International,* 495 F.Supp. 233 (N.D.Ca. 1980). Defendant King's Entertainment apparently relies on the same cases to argue that a complaint naming "Doe" defendants is removable based upon diversity of citizenship of the parties as long as the complaint does not allege that the "Doe" defendants are citizens of the same state as the plaintiff. In other words, as long as the complaint contains no allegation regarding the citizenship of the "Doe" defendants, the case is removable to federal court.

The Court has reviewed the cases upon which the parties rely, as well as other decisions discovered through its own research, and concludes that neither Plaintiff

nor Defendant King's Entertainment is entirely correct on this point. The essential facts of *Pullman* can be summarized as follows. In *Pullman,* suit was brought in state court against the Pullman Company and two of its employees, among others, for the death of Plaintiff's husband. One of Pullman's employees was described in the complaint as John Doe One, employed by Pullman as a porter. The citizenship of the John Doe defendant was not alleged. The case was removed to federal court after the other Pullman employee was dismissed from the action. The removal petition alleged that jurisdiction was based upon diversity of citizenship.

In holding that removal was improper under the circumstances of the case, the Supreme Court stated:

> The question, however, remains as to the effect of the joinder of the Pullman porter. If the porter had been sued in his proper name, instead of John Doe, had been described as a citizen of California, and had been served with process prior to the petition for removal there could be no question that the Pullman Company would not have been entitled to remove....
>
> We think that the fact that the Pullman porter was sued by a fictitious name did not justify removal. His relation to the Pullman Company and his negligence as its servant were fully alleged.... Nor does the fact that the residence of the porter was not set forth justify disregarding him. It was incumbent upon the Pullman Company to show that it had a separable controversy which was wholly between citizens of different States.... [T]he Company was bound to show that he was a non-resident in order to justify removal.

305 U.S. at 539–40, 59 S.Ct. at 350 (citations omitted).

Since *Pullman,* Courts have consistently held that a removal of a case in which fictitious defendants are named is proper only in limited circumstances:

> Ordinarily, therefore, a Jane Doe case may not be removed until the plaintiff files an amendment in state court substituting the names of real parties and the defendant seeking removal thereafter establishes diversity of citizenship between the plaintiff and all named defendants. *Baggett v. Alto Corp.,* 459 F.Supp. 989, 991 (N.D.Ala.1978). Of course, a court may permit removal if the plaintiff's joinder of Doe defendants was fraudulent or such defendants are merely nominal parties against whom no real relief is sought. *See Pullman Co. v. Jenkins, supra,* 305 U.S. at 541, 59 S.Ct. at 350; *Holloway v. Pacific Indemnity Co., Inc.,* 422 F.Supp. 1036, 1038 (E.D.Mich.1976). Removal also may be proper if the plaintiff dismisses the action against the Doe defendants or actually commences trial of the action without completing service of process. *Id.* at 1038–41 and cases cited therein. Here, however, none of these special circumstances are present. The plaintiff fully alleged Jane Doe's relation to the company and her negligence, and then actively sought her identity in order to complete service of process.

*Pecherski v. General Motors Corp.,* 636 F.2d 1156, 1161 (8th Cir.1981); *see also Coker v. Amoco Co.,* 709 F.2d 1433, 1440 (11th Cir.1983); *Goldberg v. CPC International Inc.,* 495 F.Supp. 233, 238 (N.D.Cal. 1980); *Baggett v. Alto Corp.,* 459 F.Supp. 989, 990–91 (N.D.Ala.1978).

■ None of the circumstances justifying removal are present in this case. Plaintiff did not amend her complaint in state court to substitute real parties for the fictitious defendants. Nor did Plaintiff discontinue the action as to those defendants. Additionally, King's Entertainment does not allege in its removal petition that the fictitious defendants were fraudulently joined or that they are merely nominal parties. Thus, it appears that the Court lacks jurisdiction over this matter and that the action was improvidently removed. Therefore, under 28 U.S.C. § 1447(c), the case must be remanded to state court.

■ King's Entertainment seeks leave to amend its removal petition to include allegations relating to the citizenship of the fictitious defendants, in the event that the

**64**

Court is persuaded that it has failed to establish complete diversity of citizenship among the parties. King's Entertainment, however, has failed to cite any authority which would permit such an amendment. Moreover, based upon the Court's own research, it appears that the Court lacks authority to allow such an amendment. The general rule appears to be that a defendant may amend its petition any time before the 30–day removal period expires to supply missing allegations of jurisdiction. After that time, however, a defendant may amend the petition only to cure defective allegations or if it appears from the record as a whole that the court necessarily has jurisdiction over the case. *See, e.g., Barrow Development Co. v. Fulton Insurance Co.*, 418 F.2d 316, 317–18 (9th Cir.1969); *National Audubon Society v. Department of Water & Power*, 496 F.Supp. 499, 503 (E.D.Ca.1980); *Winters Government Securities Corp. v. Nafi Employees Credit Union*, 449 F.Supp. 239, 243 (S.D.Fla.1978); *Jackson v. Metropolitan Life Ins. Co.*, 433 F.Supp. 707, 709 (E.D.Ky.1977); *Wells v. Celanese Corp.*, 239 F.Supp. 602, 604 (E.D. Tenn.1964). In the present case, the petition contains no allegation with respect to the citizenship of the fictitious defendants. Thus, even assuming that King's Entertainment were in a position to allege their citizenship, the amendment would supply a missing allegation rather than cure a technically defective allegation. Inasmuch as the record at the time of removal does not conclusively establish the existence of diversity jurisdiction, the Court is without authority to permit such an amendment after the 30–day removal period has expired. Accordingly, King's Entertainment's motion to amend is denied.

Plaintiff also argues that the case should be remanded because not all defendants have joined in the petition for removal. Inasmuch as the Court has determined that the case must be remanded for lack of jurisdiction, it need not consider this argument. Nevertheless, the Court notes that Plaintiff's position appears to be contrary to well-established principles of law. Assuming that Defendant King's Entertainment had been able to establish complete diversity of citizenship, it would have been entitled to remove the action on its own because the fictitious defendants have not yet been served. *See Pullman*, 305 U.S. at 540, 59 S.Ct. at 350.

For the reasons set forth above, Plaintiff's motion to remand will be GRANTED. Plaintiff shall submit an appropriate order.