**Victoria PELKOFFER, an individual on her own behalf and on behalf of her four minor children, Plaintiffs,**

v.

**Ronald DEER, an individual and the Constable of the Borough of Bellevue, the Borough of Bellevue, and Robert Olszewski, an individual and an employee of the Constable of the Borough of Bellevue, Defendants.**

Civ. A. No. 89–1981.

United States District Court, W.D. Pennsylvania.

Aug. 31, 1992.

Thomas S. Barry, Pittsburgh, Pa., for plaintiffs.

Margaret A. McLean, Pittsburgh, Pa., for Borough of Bellevue.

Patrick T. Narcisi, Pittsburgh, Pa., for Ronald Deer.

John D. O'Connor, Pittsburgh, Pa., for Robert Olszewski.

## MEMORANDUM OPINION

LEWIS, District Judge.

Plaintiffs sue defendants Ronald J. Deer, Robert Olszewski, and the Borough of Bellevue (hereinafter "Bellevue"), alleging federal claims pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and pendent state claims for conversion, assault, false imprisonment, malicious prosecution, defamation and negligence. Plaintiffs sue Deer individually and in his official capacity as the elected constable of Bellevue.

Plaintiffs aver that on April 6, 1989 Deer and Olszewski approached the plaintiffs as they were entering their automobile, identified themselves as constables of Bellevue, showed plaintiffs their official insignia and proceeded to force them from the automobile in order to repossess and impound the vehicle under the municipal power of Bellevue.

Deer denies acting on behalf of Bellevue or in any "official" capacity as constable of Bellevue. Deer avers that he acted in his individual capacity at all times. Bellevue also denies that either Deer or Olszewski acted on behalf of Bellevue on April 6, 1989.

On August 15, 1990, Deer filed a Chapter 7 bankruptcy petition. His debts were discharged in bankruptcy on December 14, 1990. Deer now asserts that he should be dismissed from this case in both his individual and official capacities because of the bankruptcy discharge.[1] Plaintiffs agree that Deer's bankruptcy discharge releases Deer from plaintiffs' suit in his individual capacity, but they argue that Deer's bankruptcy did not absolve him of liability for any actions he may have taken in his official capacity as the elected constable of Bellevue.

It is clear, then, that, whatever else happens, this lawsuit cannot result in liability to Deer individually. The issue before this court, however, is whether Deer's Chapter 7 bankruptcy discharge absolves him of any debt which may arise from plaintiffs' section 1983 action against him in his official capacity. The court cannot assume that Deer is only potentially liable in his individual capacity just because Deer claims that that is the case.

---

1. This request for dismissal is not embodied in any written motion. Rather, at a conference with this court on August 8, 1991, counsel for Deer raised the issue of whether his client should remain in this case in light of his bankruptcy. The court ordered a letter brief on the issue, and has considered that letter brief, as well as briefs filed in response, in making its decision.

In sum, this court rules that Deer's Chapter 7 bankruptcy discharge does not absolve him of any liability incurred in his official capacity, because Deer would not be personally liable for such a section 1983 judgment and because he is not considered to be the same legal entity when acting in his official capacity as opposed to his individual capacity. Furthermore, Deer's discharge does not operate as an injunction against the plaintiffs' continuing their section 1983 action against him, since Deer's presence in the suit is pertinent to a determination of liability.

## DISCUSSION

Under the Bankruptcy Code, a bankruptcy discharge:

> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as *personal liability* of the debtor, whether or not the discharge of such debt is waived.

11 U.S.C.S. § 524(a)(2) (emphasis added). *See also In Re Santos,* 24 B.R. 688 (Bankr. R.I.1982); *Noble v. Yingling,* 29 B.R. 998 (D.Del.1983); and *Collier on Bankruptcy* § 524.01 (15th ed. 1992). A discharge only absolves a debtor of debts "which affect the reorganized debtor personally." 11 U.S.C. § 524(a)(2), n. 4. *See e.g., Matter of Lively,* 74 B.R. 238 (S.D.Ga.1987), *aff'd Walker v. Claussen Concrete,* 851 F.2d 363 (11th Cir.1988); *In Re White Motor Credit Corp.,* 37 B.R. 631 (N.D.Ohio 1984), *aff'd* 761 F.2d 270 (6th Cir.1985). *See also In Re Lutz,* 82 B.R. 699 (Bankr.M.D.Pa. 1988) (debtor's discharge in bankruptcy eliminates only debtor's personal liability for any defaults in contractual obligations).

On the other hand, however, a "discharge of a debt of a debtor does not affect the liability of any other entity on ... such debt." 11 U.S.C.S. § 524(e). The term "entity" includes a "person, estate, trust, [or] governmental unit." 11 U.S.C.S. § 101(14). "Whether an entity is eligible for relief in bankruptcy is purely a matter of federal law." *Matter of Arehart,* 52 B.R. 308, 310 (Bankr.M.D.Fla.1985).

Thus, Deer's Chapter 7 bankruptcy discharge will absolve him of any debt arising from plaintiffs' section 1983 claim in his official as well as individual capacity only if: (1) Deer would be personally liable for any section 1983 judgment against him in his official capacity; and (2) Deer acting in his official capacity is the same legal entity as Deer acting in his individual capacity.

### A. *Personal Liability Regarding Official-Capacity Defendants in Section 1983 Actions*

The United States Supreme Court has consistently distinguished between section 1983 suits against defendants acting in their official capacities and those against defendants acting in their personal capacities. "[O]fficial capacity suits generally represent an action against an entity of which an officer is an agent." *Monell v. New York Dept. of Social Services,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978). *See, e.g., Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), *on remand, Brandon v. Allen,* 645 F.Supp. 1261 (W.D.Tenn. 1986); and *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985), *on remand, Graham v. Wilson,* 791 F.2d 932 (6th Cir.1986) (*citing Monell,* 436 U.S. at 694, 98 S.Ct. at 2037). Conversely, personal capacity suits "seek to impose personal liability upon a governmental official for actions he takes under color of state law." *Graham,* 473 U.S. at 165, 105 S.Ct. at 3105 (*citing Scheuer v. Rhodes,* 416 U.S. 232, 237–38, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974)).

The general rule regarding an official-capacity defendant's liability under section 1983 is "that a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond." *Brandon,* 469 U.S. at 471–72, 105 S.Ct. at 878. *See, e.g., Graham,* 473 U.S. at 166, 105 S.Ct. at 3105 (*citing Brandon,* 469 U.S. at 471–72, 105 S.Ct. at 878); *Stana v. School District of the City of Pittsburgh,* 775 F.2d 122, 130 (3d Cir.1985); *Es-*

*tate of Bailey v. County of York*, 768 F.2d 503, 507 (3d Cir.1985); *Coffman v. Wilson Police Department*, 739 F.Supp. 257, 262 (E.D.Pa.1990). *See also Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) (when state is prevailed against because state officials were sued in their official capacity, attorneys' fees may also be available from the state under 42 U.S.C. § 1988); *In Re President*, 88 B.R. 1 (Bankr.D.Colo.1985). The Supreme Court has stated that "it is obvious that the state would pay the award because the defendants had been sued in their 'official capacities.'" *Brandon*, 469 U.S. at 472, 105 S.Ct. at 878 (*citing Hutto*, 437 U.S. at 693, 98 S.Ct. at 2574).

In *Brandon*, the plaintiffs sought compensatory damages from a Memphis police officer and the director of the Memphis Police Department in a section 1983 action for vicious assault by the police officer. The defendant director argued that he was protected by qualified immunity because the suit was actually asserted against him individually. *See Brandon v. Allen*, 516 F.Supp. 1355, 1361 (W.D.Tenn.1981), *rev'd*, 719 F.2d 151, 153 (1983). Judgment was entered against him in his official capacity, however. *Brandon*, 719 F.2d at 152. The issue before the Supreme Court was "whether the damages judgment is payable by the City of Memphis because the [d]irector was sued in his official capacity or whether the [d]irector was individually liable, but shielded by qualified immunity." *Brandon*, 469 U.S. at 465, 105 S.Ct. at 874.

Relying on the distinction between suits against government officials in their individual and official capacities, the Supreme Court in *Brandon* rejected the idea that the director was immune. *See also Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, ("[t]he only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment"). Because the City of Memphis had received notice and an opportunity to defend, the section 1983 action against the director in his official capacity imposed liability on the city, not the director personally. *Brandon*, 469 U.S. at 471–73, 105

S.Ct. at 877–78. *See also Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) (distinguishing between suits against government officials in their individual capacity and those in which only liability of the municipality was at issue because city council members were sued in official capacities).

In this case, plaintiffs seek damages under section 1983 from Deer both individually and in his official capacity as the elected constable of Bellevue. They also seek damages from Bellevue itself. Bellevue has received notice and an opportunity to respond. *See* Bellevue's Answer ¶ 1. Therefore, under the principles set forth in *Brandon* and its progeny, Bellevue will be ultimately liable for any judgment against Deer, a public servant, in his official capacity. Accordingly, Deer's Chapter 7 bankruptcy discharge fails to absolve him of any debt incurred in his official capacity. Such a debt is not a "personal liability of the debtor."

### B. *The Official–Capacity Defendant as a Separate Legal Entity*

Furthermore, Deer's Chapter 7 discharge also fails to absolve him of section 1983 liability in his official capacity because he is a separate legal entity when acting in his official capacity.

In *Bender v. Williamsport Area School District*, 475 U.S. 534, 543, 106 S.Ct. 1326, 1332, 89 L.Ed.2d 501 (1986), the Supreme Court observed that "[a]cts performed by the same person in two different capacities 'are generally treated as transactions of two different legal personages.'" *See also* F. James and G. Hazard, *Civil Procedure*, § 11.6 at 594 (3d ed. 1985). In *Bender*, the plaintiffs brought an action for compensatory damages against a school board member in both his individual and official capacities. Plaintiffs failed to prove that they suffered any damage at the hands of the school board member in his individual capacity, but they proved damages against him in his official capacity. Addressing the issue of whether the school board member had standing to appeal the damages award

against him in his official capacity, the Supreme Court held that he could not appeal as an individual because he had no personal stake in the outcome of the litigation.

Similarly, in this case, Deer is a public servant sued in his official capacity. Although his bankruptcy negated any potential individual liability, in the eyes of the law any actions he took in an official capacity were taken by a different entity. Therefore, pursuant to *Bender,* any debt or liability Deer incurred in his official capacity is not affected by his individual Chapter 7 bankruptcy discharge. Thus, Deer's Chapter 7 bankruptcy discharge of his personal debts fails to absolve him from debt incurred in his official capacity.

### C. *Deer as a Necessary Party*

■ Finally, even though damages cannot be awarded against him individually, Deer must remain in the litigation because his presence is necessary for the determination of the liability issues presented in this case. *Rowe v. Ford Motor Co.,* 34 B.R. 680 (M.D.Ala.1983).

In *Rowe,* the plaintiff brought a wrongful death action against Ford Motor Company and McCourry, the driver of the other automobile involved in the automobile accident at issue. Defendant McCourry was discharged in bankruptcy as the trial began. Ford contended that McCourry was wrongly joined as a party to the suit, that no action could be continued against McCourry because of his discharge in bankruptcy, and that the case had to be dismissed because no diversity of citizenship existed without McCourry. The issue before the district court was whether McCourry "remained a proper party defendant upon his discharge in bankruptcy." *Rowe,* 34 B.R. at 681. The court held that "[a]lthough this Court is of the opinion that this action cannot be continued for purposes of collecting [damages] against McCourry, the action may be continued for purposes of determining liability if that liability is pertinent to the issues of the case." *Rowe,* 34 B.R. at 682.

Similarly, in this case, Deer listed plaintiffs as general creditors in his bankruptcy petition; plaintiffs did not object to Deer's discharge; and the bankruptcy court's order of discharge enjoined all actions to collect against Deer in his individual capacity. The case, however, involves complex factual issues relating to Deer's role in the incident, the determination of which are central to the case. Therefore, Deer's Chapter 7 bankruptcy discharge does not operate to prevent plaintiffs from continuing their section 1983 action against Deer, because Deer's presence in this suit is necessary to the determination of liability.

An appropriate order will follow.

### ORDER

AND NOW, this 31st day of August, 1992, upon consideration of the oral arguments of counsel at the hearing held on August 8, 1991, and the letters and briefs submitted in support thereof and in opposition thereto,

IT IS HEREBY ORDERED that defendant Ronald Deer must remain as a party in this case, although liability may only be imposed upon him in his official capacity, if at all. The December 14, 1990 order issued by the United States Bankruptcy Court for the Western District of Pennsylvania discharged defendant Deer only of all debts incurred in his individual capacity.

IT IS FURTHER ORDERED that counsel are to comply with the provisions of Local Rule 5–II and the guidelines set forth in Exhibit A (rather than any version of the court's guidelines which counsel may have previously received) in accordance with the following schedule. In the event of a conflict between the rule and the guidelines, the guidelines will govern.

IT IS ALSO ORDERED:

1. Counsel for all parties are to file a pretrial stipulation in the form attached as Exhibit B by **September 18, 1992. The parties are to note therein whether motions to dismiss or for summary judgment are outstanding.**

2. The pretrial conference will be held on **January 22, 1993** at **9:00 a.m.** in Room 1014, Tenth Floor, U.S. Post Of-

fice and Courthouse, Pittsburgh, PA 15219.

3. Motions in limine, proposed voir dire questions, points for charge, the stipulated insert and trial briefs (or findings of fact and conclusions of law and trial briefs if the case is non-jury) are due by **February 22, 1993.**

4. Trial will begin on **March 22, 1993** at **9:00 a.m.** in Courtroom No. 11, Tenth Floor, U.S. Post Office and Courthouse, Pittsburgh, PA 15219.

The court will not grant extensions of any of the pretrial deadlines set forth above unless manifest injustice would result from the refusal to do so. The trial date will not be continued unless there are compelling reasons or unless the Speedy Trial Act requires that a criminal case be tried first.

IT IS FURTHER ORDERED that the parties are to review and follow the instructions set forth in Exhibit A in all pretrial phases of this case. Failure to comply with this court's instructions may result in the imposition of sanctions. In particular, the unexcused failure to file a motion in a timely manner may result in the summary denial of the motion, and when the untimely filing of a motion delays trial, the court may require the movant to bear the additional expenses and attorneys' fees resulting from the delay.

### EXHIBIT A

### GUIDELINES FOR PRACTICE BEFORE JUDGE TIMOTHY K. LEWIS

### I. DISCOVERY

The parameters of discovery will be set at the discovery/scheduling conference and will be reflected in the pretrial order. The court will not permit deviation from the dates stated in the pretrial order and these guidelines unless a manifest injustice would otherwise result. The court will not entertain motions for extension of discovery filed on the day discovery closes or after discovery has closed.

All discovery requests shall be initiated in sufficient time so that responses may be filed or depositions taken prior to the close of discovery. Parties intending to refer to discovery material in any proceeding shall provide the court with a copy of the material at the proceeding.

Counsel are expected to be familiar with the provisions of Rule 16, Federal Rules of Civil Procedure (regarding pretrial procedure) and the provisions of Rule 37, Federal Rules of Civil Procedure (regarding sanctions). Pursuant to Rule 37(a)(4), costs will be imposed upon the losing party of any discovery motion filed unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

### II. MOTIONS AND BRIEFS

Counsel and pro se litigants are discouraged from communicating with the court by letter, whether to request rulings or to brief certain matters. Instead, all motions, briefs and requests for rulings should be filed with the Clerk of Court, unless the court directs otherwise.

Dispositive motions, such as summary judgment motions, along with briefs and supporting documentation, must be filed within twenty (20) days after the close of discovery.

Each motion for summary judgment shall be accompanied by a statement of material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue. Each statement shall include a clear and explicit reference to the parts of the record relied upon for support. Any opposition to a motion for summary judgment shall be accompanied by a separate, concise statement of material facts, responding to the numbered paragraphs in the movant's statement and setting forth all material facts which the respondent contends are disputed. These statements shall also include clear and explicit references to the parts of the record relied upon for support. The parties should attach to their submissions only those portions of deposition and other transcripts which are relevant to, and probative of, the issues before the court.

If it is apparent from the pleadings or from whatever record exists (i.e., depositions, admissions, answers to affidavits, interrogatories, etc.) that there are material facts in dispute, the parties are instructed that they should *not* file summary judgment motions. *See* Fed.R.Civ.P. 56(c) and 11.

Motions in limine, proposed voir dire questions, points for charge and trial briefs are due thirty (30) days before the trial date. Counsel are expected to have reviewed one another's proposed voir dire questions or points for charge prior to any conference thereon. Except to the extent required by unexpected developments at trial, any party failing to submit one or more of the foregoing documents by the deadline may be deemed to have waived the right to do so.

In addition, at least thirty (30) days before the trial date, counsel are to submit a stipulated insert, consisting of no more than one or two paragraphs, describing the positions of the parties and essential facts of the case. This insert will be used in the preliminary charge to the jury.

In all non-jury trials, the parties are required to file proposed findings of fact and conclusions of law upon which they cannot reach agreement no later than ten (10) days before the trial date.

All motions filed with the court must be accompanied by briefs. Failure of a movant to file a brief with his or her motion may result in the denial of the motion. (Notwithstanding this requirement, the parties need not file a brief in connection with a discovery dispute unless the court directs them to do so.)

Unless otherwise ordered by the court, a response is due within twenty (20) days of service of the motion. Failure of a respondent to comply with these instructions may result in the granting of the motion.

Ordinarily, the court will not order reply briefs or impose deadlines for their filing. A motion is ripe for decision, however, upon receipt of briefs in support and briefs in opposition, and the court will not wait for reply briefs to decide a motion.

### *No brief shall exceed twenty-five (25) pages absent leave of court.*

Ordinarily, the court will not hear oral argument on motions. In the unusual case in which such argument would add substantially to the court's understanding of the issues presented, the parties may, by joint motion, request oral argument.

The pendency of motions ordinarily will not stay the discovery period or any other deadlines established by the court. Except for good cause shown, the filing of amended complaints, counterclaims or crossclaims will not extend the discovery period.

## III. PRETRIAL STATEMENTS AND CONFERENCES; SETTLEMENT

The date upon which the parties' pretrial statements are due will be set at the discovery/scheduling conference and will be reflected in the pretrial order. The court will review the pretrial statements at the pretrial conference.

Except as modified by these guidelines, counsel shall comply with all requirements of Local Rule 5–II in preparing their pretrial statements. In addition to the requirements of Local Rule 5–II, the court requires that each party's pretrial statement shall contain the following information:

(a) A statement specifying whether the trial will be jury or non-jury and an estimate of the trial time necessary for a party's case in chief;

(b) A concise summary of the claims and defenses of all parties, including the respective versions of the facts and legal theories. This section should not merely reiterate the items contained within the pleadings;

(c) Counsel's agreement or disagreement with the authenticity and admissibility of the opposing party's exhibits.

Evidence to be offered at trial will be limited to that described in the pretrial statement. (The only exception will be evidence used for impeachment purposes.) Likewise, the witnesses who will testify

will be limited to those identified in the pretrial statement.

Pretrial statements may not be amended except with approval of the court. The pleadings will be deemed to be merged into the pretrial statements filed by the parties.

**Settlement.** The court will extensively pursue settlement discussions at the pretrial conference. Trial counsel must attend the conference with settlement authority, and their principals must be either present or available by telephone during the conference.

## IV. TRIAL

The specific date upon which the trial will begin will be determined at the discovery/scheduling conference and will be reflected in the pretrial order. **This date will not be continued unless there are compelling reasons or unless the Speedy Trial Act requires that a criminal case be tried first.** Absence of a party's witnesses will not delay the trial. Such problems may be avoided by arranging for videotape depositions of witnesses through the Clerk of Court.

Exhibits to be offered at trial should be pre-marked in conformity with the sequence established in the exhibit lists contained in the pretrial statements. Plaintiff's exhibits are to be numbered consecutively and defendant's exhibits are to be lettered consecutively. In a trial involving voluminous documentary evidence, counsel should provide the court and each juror with a set of exhibits.

Counsel are advised that in jury trials, jurors will be permitted to take notes. In appropriate cases, jurors may also be permitted to question witnesses, subject to the court's specific guidelines and instructions governing the procedures for doing so. The court will provide each juror with a copy of the final charge.

Both the pretrial conference date and the trial date may be advanced, in which case the parties will be notified and given sufficient time to prepare for trial.

## EXHIBIT B

In The United States District Court
for the Western District of Pennsylvania

| | | |
|---|---|---|
| Victoria Pelkofer, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action 89–1981 |
| | ) | |
| Ronald Deer, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PRETRIAL STIPULATION

*[The parties must address all material facts, law and deposition transcript references in this pretrial stipulation, or such matters may be excluded at trial. If additional space is needed to set forth the information called for in any section of this form, supplemental pages may be attached, or this form may be retyped.]*

I. *[Set forth the relief sought.]*

This is an action for:

II. *[Set forth a concise statement of the facts relied on to confer federal jurisdiction. State which facts are agreed to and which facts are disputed by the parties.]*

This court has jurisdiction because:

III. *[List by name and date filed outstanding motions to dismiss or for summary judgment and indicate whether such motions have been fully briefed. Do not recap the arguments contained within those motions.]*

The following motions to dismiss or for summary judgment remain outstanding:

IV. *[Set forth a comprehensive statement of all uncontested facts. The facts should be stated in logical order of proof without regard to objections to relevancy or materiality, although objections to specific facts should be noted. It is expected that all facts subject to ready verification by the parties will be stipulated, e.g., geographic locations and directions, measurements, dimensions, distances, duration of hospital confinement, periods of absence from work, and the amounts of medical bills and actual wage loss to date.]*

The following *facts* are stipulated by the parties and require no proof:

V. *[Set forth a concise statement of each issue of fact which is to be litigated at trial. For example, where negligence or contributory negligence is an issue, each claimed act or omission relied upon to establish negligence shall be specified.]*

The following issues of fact remain to be litigated at trial:

VI. *[Set forth a concise statement of each uncontested issue of law, and citations to the principal authorities supporting such statement.]*

The following points of *law* are stipulated by the parties and require no further briefing or argument to the court:

VII. *[Set forth a concise statement of each contested issue of law. Each party shall either include citations to the principal authorities relied on for its position as to each contested issue.]*

The following issues of law remain to be litigated at trial:

VIII. *[Identify any depositions or portions thereof which will be read into evidence as testimony at trial. Objections to the admissibility of any portion of such testimony shall be set forth specifically below.]*

The following deposition testimony will be offered at trial:

IX. *[Set forth or attach a statement of the qualifications of any witness who will testify as an expert at the trial. The statement should be in a form that can be read to the jury. Objections to the reading of any such qualifications shall be set forth specifically below.]*

X. STIPULATION

The foregoing admissions of fact and stipulations of law having been made, and the parties having specified the issues of fact and law remaining to be litigated, this pretrial stipulation shall supplement the pleadings and govern the course of the trial unless modified by order of court to prevent manifest injustice.

STIPULATED AND AGREED TO BY:

_____
Counsel for Plaintiff

_____
Counsel for Defendant

_____
Counsel for Defendant

_____
Counsel for Defendant