PULLMAN COMPANY ET AL. *v.* JENKINS ET AL.

No. 210.  Argued December 13, 14, 1938.—Decided January 16, 1939.

*Messrs. Robert Brennan* and *M. W. Reed,* with whom *Messrs. Leo. E. Sievert, H. K. Lockwood* and *Lawrence Livingston* were on the brief, for petitioners.

*Mr. L. H. Phillips,* with whom *Mr. Rex Hardy* was on the brief, for respondents.

Mr. Chief Justice Hughes delivered the opinion of the Court.

The question is whether petitioner, the Pullman Company, was entitled to remove this cause to the federal court. The Circuit Court of Appeals, reversing the District Court, ordered remand (96 F. 2d 405) and because of conflict in the ground of its ruling with decisions of this Court, we granted certiorari.

Respondent, Mrs. Jenkins, and her son Robert W. Jenkins, by Mrs. Jenkins as guardian *ad litem,* brought this action on September 27, 1935, in the Superior Court for Los Angeles County, California, to recover damages for injuries causing the death of her husband. He was

employed by the Southern Pacific Company as conductor of a train running from Los Angeles to San Francisco. His injuries were due to a blow struck by A. J. Kash, who was being removed from the train by police officers called to assist the conductor in ejecting Kash because of his disorderly conduct. The suit was brought against the Southern Pacific Company, the Pullman Company, Kash, Hatch, the Pullman conductor, John Doe One, described as employed by the Pullman Company as porter, and John Doe Two, described as employed by the Southern Pacific Company as gate tender at the passenger depot at Los Angeles.

The complaint alleged two causes of action, one against all the defendants, the other against Kash alone. The plaintiffs and defendant Kash were stated to be residents of California. The Southern Pacific Company was described as a Kentucky corporation and the Pullman Company as an Illinois corporation. The residences of the defendants Hatch and John Doe One and John Doe Two were not set forth.

On November 20, 1935, the Pullman Company, as a citizen and resident of Illinois, insisting that the controversy as to it was a separable one, filed its petition for removal to the federal court, with bond; and on November 25, 1935, the petition and bond were approved and removal was ordered. On the day on which that order was entered, an amended complaint was filed in the state court which contained the allegation that the action was brought against the Southern Pacific Company under the Federal Employers' Liability Act. 45 U. S. C. 51. On December 27, 1935, Mrs. Jenkins as administratrix of the estate of the decedent was substituted as plaintiff. On January 17, 1936, the defendant Hatch demurred to the amended complaint upon the ground that it stated no cause of action against him, and on January 29, 1936, the demurrer was sustained.

On January 22, 1936, the plaintiffs moved to remand, stating that Edward E. Meyers, the Pullman porter, sued as John Doe One, had been served with process on January 14, 1936, and that he and the defendant Hatch were residents and citizens of California, and that the action as against them and the Pullman Company was not a separable controversy. Pending this motion, on February 8, 1936, the plaintiffs filed in the federal court a second amended complaint identifying Meyers as the Pullman porter and Fred M. Dolsen as John Doe Two, described as the Southern Pacific gate tender. This amended complaint repeated the allegation that the Southern Pacific was sued under the Federal Employers' Liability Act. On February 19, 1936, the court denied the motion to remand.

On December 28, 1936, the action was dismissed as against the Southern Pacific and Dolsen as the result of a compromise. Supplemental answers were then filed by the remaining defendants respectively claiming release by reason of the agreement with the Southern Pacific. The District Court sustained this defense and entered judgment dismissing the complaint.

On appeal, the Circuit Court of Appeals, passing the other questions, held that if it did not sufficiently appear at the time of the petition for removal that the cause was not separable, it did so appear when the second amended complaint was filed and hence that the District Court erred in denying the motion to remand. 96 F. 2d p. 410. This ruling was placed upon an erroneous ground. The second amended complaint should not have been considered in determining the right to remove, which in a case like the present one was to be determined according to the plaintiffs' pleading at the time of the petition for removal. *Barney* v. *Latham,* 103 U. S. 205, 213–216; *Graves* v. *Corbin,* 132 U. S. 571, 585; *Louisville & Nashville R. Co.* v. *Wangelin,* 132 U. S. 599, 601;

*Salem Trust Co.* v. *Manufacturers' Finance Co.*, 264 U. S. 182, 189, 190; *Saint Paul Mercury Indemnity Co.* v. *Red Cab Co.*, 303 U. S. 283, 294, 295.

The question then is whether the original complaint set forth a separable controversy between the plaintiffs and the Pullman Company, that is, a controversy "which is wholly between citizens of different States, and which can be fully determined as between them." 28 U. S. C. 71. If, as to the non-resident defendant seeking removal, the controversy is separable within the purview of the statute as construed, the fact that under the state practice it may be joined in the same suit with another controversy as against other defendants, does not preclude removal. *Barney* v. *Latham, supra; Nichols* v. *Chesapeake & Ohio Ry. Co.*, 195 F. 913, 915, 916; *Stewart* v. *Nebraska Tire & Rubber Co.*, 39 F. 2d 309, 311; *Des Moines Elevator Co.* v. *Underwriters' Grain Assn.*, 63 F. 2d 103, 105; *Culp* v. *Baldwin*, 87 F. 2d 679, 680–682.

This is so whether the action sounds in contract or in tort. The question is determined by the plaintiff's pleading. Thus if defendants are charged with negligence, but the charge against the non-resident defendant is based on different and non-concurrent acts of negligence and a cause of action which is joint in character is not alleged, a separable controversy is presented. See *Culp* v. *Baldwin, supra.* Where, in the absence of clear proof of bad faith in the joinder, concurrent acts of negligence on the part of the defendants sued as joint tort-feasors are sufficiently alleged, a separable controversy is not presented and the fact that the defendants might have been sued separately affords no ground for removal. This rule is applied where a non-resident employer and its resident employee, whose negligence caused the injury, are sued jointly. *Chesapeake & Ohio Ry. Co.* v. *Dixon*, 179 U. S. 131, 139; *Alabama Great Southern Ry. Co.* v. *Thompson*, 200 U. S.

206, 212, 213, 220; *Chicago, R. I. & P. Ry. Co.* v. *Dowell,*
229 U. S. 102, 111–113; *Hay* v. *May Company,* 271 U. S.
318, 321, 322; *Watson* v. *Chevrolet Motor Co.,* 68 F. 2d
686, 689; *Harrelson* v. *Missouri Pacific Transportation
Co.,* 87 F. 2d 176, 177.

In the instant case, the original complaint did not
charge any negligence or wrongful conduct in ejecting
Kash from the train. On the contrary, it was alleged
that he was intoxicated and was acting in an offensive,
threatening and quarrelsome manner in which he per-
sisted despite remonstrance. There was clearly a sepa-
rable controversy with respect to Kash. He was sued
for his unlawful assault upon the conductor.

The negligence charged against the Southern Pacific
Company and its gate tender was in the action of the lat-
ter in permitting Kash to enter the station and go
through the gates to board the train without displaying
his ticket and while drunk and disorderly. The negli-
gence charged against the Pullman Company and its por-
ter was alleged to consist in the action of the porter in
permitting Kash to board the Pullman sleeper. No facts
were alleged upon which liability of the Pullman Com-
pany and its employees could be predicated upon the
negligence of the Southern Pacific Company and its gate
tender. It was not shown that either the Pullman Com-
pany or the Southern Pacific Company was liable for
the acts of the other or that they joined in the commission
of any wrong. With respect to these companies in rela-
tion to each other, the cases above cited, so far as they
hold that a separable controversy is not presented when
master and servant are joined because of concurrent negli-
gence, are not in point.

Nor was any negligence or wrongful act alleged on the
part of the Pullman conductor.

The question, however, remains as to the effect of the
joinder of the Pullman porter. If the porter had been

sued in his proper name, instead of John Doe, had been described as a citizen of California, and had been served with process prior to the petition for removal, there could be no question that the Pullman Company would not have been entitled to remove. *Chesapeake & Ohio Ry. Co.* v. *Dixon, supra; Alabama Great Southern Ry. Co.* v. *Thompson, supra; Hay* v. *May Company, supra.*

We think that the fact that the Pullman porter was sued by a fictitious name did not justify removal. His relation to the Pullman Company and his negligence as its servant were fully alleged. See *Grosso* v. *Butte Electric Ry. Co.,* 217 F. 422. Nor does the fact that the residence of the porter was not set forth justify disregarding him. It was incumbent upon the Pullman Company to show that it had a separable controversy which was wholly between citizens of different States. As in determining whether there was such a separable controversy with respect to the Pullman Company its porter could not be ignored, the Company was bound to show that he was a non-resident in order to justify removal.

At the time of the petition for removal the Pullman porter had not yet been served with process. Where there is a non-separable controversy with respect to several non-resident defendants, one of them may remove the cause, although the other defendants have not been served with process and have not appeared. *Tremper* v. *Schwabacher,* 84 F. 413, 416; *Bowles* v. *H. J. Heinz Co.,* 188 F. 937; *Hunt* v. *Pearce,* 271 F. 498; 284 F. 321, 323, 324; *Community Building Co.* v. *Maryland Casualty Co.,* 8 F. 2d 678; *Trower* v. *Stonebraker-Zea Co.,* 17 F. Supp. 687, 690; *Kelly* v. *Alabama-Quenelda Co.,* 34 F. 2d 790, 791. In such a case there is diversity of citizenship, and the reason for the rule is stated to be that the defendant not served may never be served, or may be served after the time has expired for the defendant who has been served to apply for a removal, and unless

the latter can make an effective application alone, his right to removal may be lost. *Hunt* v. *Pearce,* 284 F. p. 324. But the rule is otherwise where a non-separable controversy involves a resident defendant. In that case the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. *Patchin* v. *Hunter,* 38 F. 51, 53; *Armstrong* v. *Kansas City Southern Ry. Co.,* 192 F. 608, 615; *Hunt* v. *Pearce,* 271 F. p. 502; *Del Fungo Giera* v. *Rockland Light & Power Co.,* 46 F. 2d 552, 554; *Hane* v. *Mid-Continent Petroleum Corp.,* 47 F. 2d 244, 246, 247. It may be said that the non-resident defendant may be prejudiced because his co-defendant may not be served. On the other hand there is no diversity of citizenship, and the controversy being a non-separable one, the non-resident defendant should not be permitted to seize an opportunity to remove the cause before service upon the resident co-defendant is effected. It is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove. *Wecker* v. *National Enameling Co.,* 204 U. S. 176, 185, 186; *Chesapeake & Ohio Ry. Co.* v. *Cockrell,* 232 U. S. 146, 152; *Wilson* v. *Republic Iron & Steel Co.,* 257 U. S. 92, 97; *Clancy* v. *Brown,* 71 F. 2d 110, 112, 113.

In the instant case there was no charge that the joinder was fraudulent. On the motion to remand it appeared that the Pullman porter, identified as Meyers, was a resident of California and had then been served with process.

We conclude that the District Court erred in denying the motion to remand and that the judgment of the Circuit Court of Appeals should be

*Affirmed.*

MR. JUSTICE ROBERTS took no part in the consideration and decision of this case. [Over.]

Mr. Justice Black, concurring.

I agree that it was incumbent upon the Pullman Company, seeking removal, to show that it was sued in a controversy "wholly between citizens of different States";[1] that the Company failed to meet this burden; that plaintiff's joining the Pullman Company with a Pullman porter designated by a fictitious name did not relieve the Company of its statutory burden; that consequently the District Court erred in denying a motion to remand, and that the judgment of the Circuit Court of Appeals, reversing the District Court's refusal to remand, should be affirmed. To certain portions of the opinion, which this affirmance does not require, I cannot agree.

*First.* The original complaint filed in the state court indicated plaintiff's intention to rest its case against the Southern Pacific Company upon the Federal Employers' Liability Act, under which suits brought in state courts are not removable to federal courts.[2] The pleadings did not disclose that the suit was based on the federal Act as clearly as good pleading requires, and the complaint was doubtless subject to special demurrer because of its generality. But the mere fact that a complaint based on the federal Act is demurrable does not make it subject to removal. In addition, both an amendment filed in the state court before the order of removal (but after the petition for removal), and a second amendment filed after removal, served to make the original complaint more precise and made clear the original purpose of claiming under the Federal Employers' Liability Act without changing the original cause of action. "It is true that the declaration was amended after the petition to remove . . ., but the amendment if not unnecessary merely made the original cause of action more precise. On the question of

---

[1] c. 3, § 71, 28 U. S. C.

[2] c. 2, § 51, § 56, 45 U. S. C.

removal we have not to consider more than whether there was a real intention to get a joint judgment and whether there was a colorable ground for it shown as the record stood when the [petition for removal was ruled on] . . . We are not to decide whether a flaw could be picked in the declaration on special demurrer." [3]

Both from the original complaint and from its amendments it seems clear to me that plaintiff sought relief under the Federal Employers' Liability Act and that the ruling of the Court of Appeals on that ground was proper.

*Second.* The disposition of this case on the ground set out in the opinion does not require the statement that "If, as to the non-resident defendant seeking removal, the controversy is separable within the purview of the statute as construed, the fact that under the state practice it may be joined in the same suit with another controversy as against other defendants, does not preclude removal." Nor do I agree that this is a correct construction of the removal statute. The statement is rested on the case of *Barney* v. *Latham,* 103 U. S. 205, and opinions from two Circuit Courts of Appeals.[4] However, this Court later refused to accept the *Latham* case as authority for the proposition that the statutory right of removal "takes no account of . . . what may be the rules of practice, whether common law or statutory, of the State in which the action may be pending"; instead, it held exactly the opposite. *Alabama Great Southern Ry. Co.* v. *Thompson,* 200 U. S. 206, (see argument of counsel, page 209). And in *Cincinnati, N. O. & T. P. Ry. Co.* v. *Bohon,* 200 U. S. 221, 225,

[3] *Chicago, R. I. & P. Ry. Co.* v. *Schwyhart,* 227 U. S. 184, 194.

[4] *Nichols* v. *Chesapeake & Ohio Ry. Co.* (CCA 6th, decided 1912), 195 F. 913; *Stewart* v. *Nebraska Tire & Rubber Co.* (CCA 8th, decided 1930), 39 F. 2d 309; *Des Moines Elevator & Grain Co.* v. *Underwriters' Grain Assn.* (CCA 8th, decided 1933), 63 F. 2d 103; *Culp* v. *Baldwin* (CCA 8th, decided 1937), 87 F. 2d 679 (but see 679–80).

544

226 (considered and decided with the *Thompson* case), the Court stated:

"While the case did not show an attempt to remove, the discussion of the subject by the Chief Justice strongly intimates that if the action was properly joint in the forum in which it was being prosecuted it could not be removed as a separable controversy under the act of Congress. We have under consideration an action for tort which by the constitution and laws of the State, as interpreted by the highest court in the State, gives a joint remedy against master and servant to recover for negligent injuries. This court has repeatedly held that a separable controversy must be shown upon the face of the petition or declaration, and that the defendant has no right to say that an action shall be several which the plaintiff elects to make joint. (See cases cited in *Alabama Great Southern Railway Co.* v. *Thompson, supra.*) A State has an unquestionable right by its constitution and laws to regulate actions for negligence, and where it has provided that the plaintiff in such cases may proceed jointly or severally against those liable for the injury, and the plaintiff in due course of law and in good faith has filed a petition electing to sue for a joint recovery given by the laws of the State, we know of nothing in the Federal removal statute which will convert such action into a separable controversy for the purpose of removal, because of the presence of a non-resident defendant therein properly joined in the action under the constitution and laws of the State wherein it is conducting its operations and is duly served with process."

It was thus broadly held that there can be no other or separable controversy, if a plaintiff properly elects under state practice to sue defendants jointly. Even a separate defense, which may defeat a joint recovery, can-

not create a separable controversy when the plaintiff has a right to make his cause of action joint.[5]

In cases which have involved the right of removal since the *Latham* case, this Court has repeatedly held that the "joint liability of the defendants [one of whom is a non-resident] under the declaration as amended is a matter of state law, and upon that we shall not attempt to go behind the decision of the highest court of the State before which the question could come." [6]

Only two Circuit Courts of Appeals have held that causes of action properly joined under state practice may nevertheless be separable for purposes of removal; other Circuits have followed the decisions of this Court.[7] Cases from the two Circuits are relied upon to support the

[5] *Pirie* v. *Tvedt*, 115 U. S. 41; *Powers* v. *Chesapeake & Ohio Ry. Co.*, 169 U. S. 92, 97; *Chicago, B. & Q. Ry. Co.* v. *Willard*, 220 U. S. 413.

[6] *Chicago, R. I. & P. Ry. Co.* v. *Schwyhart, supra,* at 193 (decided 1913); *Southern Ry. Co.* v. *Miller*, 217 U. S. 209, 215, 216 (decided 1910); "The Supreme Court of the State decided that the petition stated a cause of action against Drake and the railway company, and whether it did, we said in *Chicago, Rock Island & Pacific Ry.* v. *Schwyhart*, 227 U. S. 184, was a matter of state law." *Chicago, R. I. & P. Ry. Co.* v. *Whiteaker*, 239 U. S. 421, 424 (decided 1915); *Chicago & Alton R. Co.* v. *McWhirt*, 243 U. S. 422 (decided 1917).

[7] In *Norwalk* v. *Air-way Electric Appliance Corp.*, 87 F. 2d 317, 319, the Circuit Court of Appeals for the Second Circuit held that "whether a separable controversy exists for the purpose of removal is determined by state law," citing the *Bohon* case and the *McWhirt* case, *supra*. To the same effect are, *Johnson* v. *Noble*, 64 F. 2d 396, 398, *Padgett* v. *Chicago, R. I. & P. Ry. Co.*, 54 F. 2d 576, 577, and *Centerville State Bank* v. *National Surety Co.*, 37 F. 2d 338 (CCA 10th); *Gulf Refining Co.* v. *Morgan*, 61 F. 2d 80, 81 (CCA 4th); see *Breymann* v. *Pennsylvania, O. & D. R. Co.*, 38 F. 2d 209 (CCA 6th); opinion of Hutcheson, Circuit Judge, in *Lake* v. *Texas News Co.*, 51 F. 2d 862, 863 (S. D. Texas); and *Waco* v. *U. S. Fidelity & G. Co.*, 76 F. 2d 470, 471 (CCA 5th).

546

language in the opinion of the Court to which I cannot agree.[8] However, the cases relied upon from one of these two Circuits no longer appear to represent the rule even in that Circuit.[9] And the lone case in the other of the two Circuits was contrary to and decided before the most recent decisions of this Court on the subject.[10]

*Third.* It is, of course, true that where governing state law characterizes actionable negligence of a local and a non-resident defendant as "concurrent negligence," there can be no right of removal. However, this is but one application of the rule governing removals under which we look to state law to determine the propriety of joining two or more defendants in a single suit.[11] The opinion in the *Thompson* case, *supra,* was expressly designed to resolve the "conflict in the authorities as to whether a corporation, whose liability does not arise from an act of concurrence or direction on its part, but solely as a result of the relation of master and servant, may be jointly

[8] See note 4, *supra.*

[9] Other cases in the Eighth Circuit throw some degree of doubt on the *Stewart* and *Grain Co.* cases, *supra,* and indicate a disposition to determine whether liability of a defendant under allegations of a complaint is joint or severable by reference to state law. See, *Harrelson* v. *Missouri Pacific Transportation Co.,* 87 F. 2d 176, 178; *Huffman* v. *Baldwin,* 82 F. 2d 5, 8; *Watson* v. *Chevrolet Motor Co.,* 68 F. 2d 686, 688, 689. After the decision of this Court in *Erie R. Co.* v. *Tompkins,* 304 U. S. 64, the Circuit Court of Appeals for the Eighth Circuit seemingly was of opinion (1938) that the question of "joint liability and of the bearing thereof on the question of removability" must be determined by the law of the State. *Ervin* v. *Texas Co.,* 97 F. 2d 806, 809.

[10] The *Nichols* case, *supra,* in the Sixth Circuit, was decided in 1912; the *Schwyhart* case, the *Whiteaker* case, and the *McWhirt* case, in this Court, were decided in 1913, 1915, and 1917, respectively (see note 6).

[11] See, *Chesapeake & Ohio R. Co.* v. *Dixon,* 179 U. S. 131, 140; *Alabama Great Southern Ry. Co.* v. *Thompson, supra,* 220; *Chicago, R. I. & P. Ry. Co.* v. *Dowell,* 229 U. S. 102, 112, 113.

sued with the servant whose negligent conduct directly caused the injury." (at pp. 213, 214). The question submitted for decision in that case was (pp. 212, 213): "May a railroad corporation be jointly sued with two of its servants . . . though . . . not charged with any concurrent act of negligence?" This Court gave an affirmative answer.

The principle has been well stated by the Circuit Court of Appeals of the Second Circuit:

"Appellees contend that removal is prevented only where a master and servant are charged with concurrent negligence. The rule is settled otherwise. In *Alabama Great So. Ry. Co.* v. *Thompson, supra,* and *Cincinnati, N. O. & Texas Pac. Ry.* v. *Bohon, supra,* the master was alleged to be liable on the doctrine of respondeat superior. It is immaterial that the liability of the master and that of the servant proceed on different grounds; even more distinct were the bases of liability of the lessee and lessor railroad companies in *Chicago, B. & Q. Ry. Co.* v. *Willard,* . . . [220 U. S. 413] where the lessor was held on its obligation to the public of which it could not be relieved by virtue of a lease. . . . Nothing in *Hay* v. *May Department Stores Co.,* 271 U. S. 318, . . . supports the claim that the rule of nonremovability is limited to instances of concurrent negligence." [12]

The Constitution authorizes Congress to fix the jurisdiction of federal District Courts. The constitutional division of powers between the States and the National Government makes it necessary that the jurisdictional policy declared by Congress be scrupulously observed. This is especially so in view of the fact that after removal of a cause from a state court by reason of diversity of citizenship, the federal court must proceed under state law and practice. Questions of state constitutional,

---

[12] *Norwalk* v. *Air-Way Electric Appliance Corp., supra,* 319.

statutory and general law, which have not been clearly and finally determined by the state's highest court, may arise in the federal court. The state court need not thereafter, in other litigation, follow the federal court's decision on such questions. However, cases for which Congress has not authorized removal from a state court can be appealed to the state's highest judicial tribunal, thus giving each litigant a final determination of his rights under state laws by the body vested with final authority to interpret those laws. Rights and privileges under the Federal Constitution and laws, which may be involved in such litigation in a state court, can still be protected by appeal to this Court.

The statutory privilege of removal should be protected. But I do not believe that judicial construction should expand the statutory privilege beyond limits intended by the statute and properly recognized by this Court in previous decisions. Particularly, I think it unwise to indicate this step in a case in which decision and judgment do not require discussion of the question.