**Rose Marie GILLIAM, Plaintiff,**

**v.**

**Wilfred JANKOWSKI and Public National Insurance Co., a foreign corporation, Defendants.**

**No. 58–C–159.**

United States District Court
E. D. Wisconsin.

Sept. 2, 1960.

George Barrock, Milwaukee, Wis., for plaintiff.

William K. McKibbage, Milwaukee, Wis., for defendant, Wilfred Jankowski.

A. W. Kivett (of Kivett & Kasdorf), Milwaukee, Wis., for defendant, Public Nat. Ins. Co.

GRUBB, District Judge.

This is an action for damages arising out of an automobile accident which occurred on November 23, 1956, in the State of Wisconsin. The plaintiff is a resident of Wisconsin while both defendants, Wilfred Jankowski and Public National Insurance Company, are nonresidents.

The individual defendant has moved to dismiss the action as to him on the ground that the court lacks jurisdiction over his person. Incidental to this motion is the motion of the plaintiff to remand if this court should determine that it does not have jurisdiction over the defendant, Wilfred Jankowski. In addition, there is the motion of attorney A. W. Kivett to withdraw as counsel for the defendant, Wilfred Jankowski. For the reasons hereinafter detailed, the motions of the defendant, Wilfred Jankowski, and attorney A. W. Kivett are granted, and the motion of the plaintiff is denied.

The plaintiff commenced this action in the Circuit Court for Milwaukee County in May of 1958. The summons and complaint were served on the defendant, Public National Insurance Company, but no service was had upon the defendant, Wilfred Jankowski. In June of 1958 the case was removed to this court, and a notice of removal was filed by the law firm of Kivett & Kasdorf on behalf of both defendants. On the same day an answer was also filed by Kivett & Kasdorf on behalf of both defendants. On two later dates Kivett & Kasdorf again appeared for both defendants in connection with a discovery proceeding and a pretrial conference. On March 20, 1960, Jankowski received his first definite information that appearances had been made in his behalf by the firm of Kivett & Kasdorf, although he was aware that prior to that time a claim had been made against him and his insurance carrier and that a suit was in progress.

It is the contention of the defendant Jankowski that appearances made on his behalf by the firm of Kivett & Kasdorf were unauthorized, and this contention is borne out by the record. While the firm of Kivett & Kasdorf was authorized to appear on behalf of the insurance carrier, there is nothing which would justify a finding that Jankowski retained them as his personal attorney or authorized them to appear on his behalf. Since the defendant, Wilfred Jankowski, was not served and the general appearances made on his behalf were unauthor-

ized, this court lacks jurisdiction over his person. Dostal v. Magee, 272 Wis. 509, 76 N.W.2d 349.

 While the plaintiff has raised the question of estoppel, this factor has no bearing on the case for it appears that Jankowski did not ratify the actions taken in his behalf by participation in the case but rather took positive action to disavow the appearances of Kivett & Kasdorf by retaining other counsel and moving to dismiss in an expeditious manner.

In regard to plaintiff's motion to remand, it is plaintiff's contention that it was necessary to Jankowski to join with his insurance carrier in the petition for removal. This argument is unsound, however, for both defendants are nonresidents, and the defendant, Wilfred Jankowski, was never served nor did he appear generally.

In Pullman Company v. Jenkins, 305 U.S. 534, at pages 540 and 541, 59 S.Ct. 347, at page 350, 83 L.Ed. 334, the Supreme Court states:

> "At the time of the petition for removal the Pullman porter had not yet been served with process. Where there is a non-separable controversy with respect to several nonresident defendants, one of them may remove the cause, although the other defendants have not been served with process and have not appeared. * * * In such a case there is diversity of citizenship, and the reason for the rule is stated to be that the defendant not served may never be served, or may be served after the time has expired for the defendant who has been served to apply for a removal, and unless the latter can make an effective application alone, his right to removal may be lost. Hunt v. Pearce, 284 F. p. 324. But the rule is otherwise where a non-separable controversy involves a resident defendant. In that case the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. * * *"

The motion of attorney A. W. Kivett is not opposed by any party, Wilfred Jankowski has retained other counsel, and there is no question of fees. Consequently, the motion should be granted.

The motions of the defendant, Wilfred Jankowski, and attorney A. W. Kivett are granted, and the motion of the plaintiff is denied.