**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

THE MERRITT BOULEVARD,
INCORPORATED; 5648 SOUTHWESTERN
BOULEVARD, LLC
           *Plaintiffs-Appellants,*

      v.

DEPARTMENT OF PERMITS &
DEVELOPMENT MANAGEMENT OF
BALTIMORE COUNTY, MARYLAND;
BOARD OF APPEALS OF BALTIMORE
COUNTY,
           *Defendants-Appellees.*

No. 02-2277

710 MERRITT BOULEVARD, LLC, a/k/a
Love Craft; 5648 SOUTHWESTERN
BOULEVARD, LLC,
           *Plaintiffs-Appellants,*

      v.

RAYMOND S. WISNOM, JR., Code
Inspections and Enforcement
Supervisor, Department of Permits &
Development Management of
Baltimore County; DAVID J. TAYLOR;
MARK F. GAWEL, Code Enforcement
Inspectors, Department of Permits &
Development Management of
Baltimore County; EDWARD BRADDY,
Code Enforcement Officers,
Department of Permits &
Development Management of
Baltimore County,
           *Defendants-Appellees.*

No. 02-2278

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-02-2877-S, CA-02-2878-S)

Submitted: April 15, 2003

Decided: April 22, 2003

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Howard J. Schulman, SCHULMAN & KAUFMAN, L.L.C., Baltimore, Maryland, for Appellants. Edward J. Gilliss, County Attorney, John E. Beverungen, Deputy County Attorney, Jeffrey G. Cook, Assistant County Attorney, Towson, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellants, The Merritt Boulevard, Inc., 710 Merritt Boulevard, LLC, and 5648 Southwestern Boulevard, LLC, appeal the district court's orders denying their motions to remand their cases to state court and dismissing their civil actions as to their federal claims for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Finding no error, we affirm.

Appellants first contend the district court erred by denying their motions to remand the actions to state court. In reviewing the denial of a motion to remand, the appellate court considers the complaint at the time of removal to determine if removal was appropriate in the first place. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994); *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). At the time the Appellees removed this action to federal court, Appellants asserted claims under the United States Constitution. Thus, there was federal subject matter jurisdiction under 28 U.S.C. § 1331 (1994) and removal was appropriate.

Appellants next contend the district court erred by relying on an unpublished decision of this court and on the doctrines of res judicata and collateral estoppel in dismissing one of their claims. This contention is without merit. The district court relied on its own precedent in deciding this case. Under the doctrine of stare decisis, the district court's reliance was quite proper, even though we affirmed that precedent in an unpublished opinion.

Finally, Appellants contend the district court erred by granting the Appellees' motions to dismiss their civil actions as to their remaining federal claim for failure to state a claim. This Court reviews a district court's Rule 12(b)(6) dismissal for failure to state a claim upon which relief may be granted de novo. *Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997). In considering a motion to dismiss, this Court should accept the complainant's well-pleaded allegations as true and view the complaint in the light most favorable to the non-moving party. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). We find the district court properly dismissed this claim pursuant to Rule 12(b)(6).

Accordingly, we affirm the district court's denial of Appellants' remand motions. We further affirm the district court's order granting Appellees' motions to dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*