Clark E. GREENAWALT, Plaintiff,

v.

PHILIP ROSENAU CO., INC., et al., Defendants.

Civil Action No. 06–2972.

United States District Court, E.D. Pennsylvania.

Jan. 19, 2007.

Denyse Clancy, Paul M. Lynch, Baron & Budd, P.C., Dallas, TX, Steven J. Cooperstein, Brookman, Rosenberg, Brown & Sandler, Philadelphia, PA, for Plaintiff.

Mary F. Platt, Dennis G. Young, Jr., Montgomery, McCracken, Walker & Rhoads, LLP, Michael T. Hamilton, Marks, O'Neill, O'Brien & Courtney, P.C., Richard C. Biedrzycki, Phelan Pettit & Biedrzycki, Christopher N. Santoro, Marshall, Dennehey, Warner, Coleman & Gobbin, Robert P. Corbin, German Gallagher & Murtagh, John Ehmann, Murland & Associates, LLC, John C. McMeekin, Rawle & Henderson, Joseph M. Cincotta, Francis McGill Hadden, Lauren J. Vidal, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C., Michael Schafle, Post & Schell PC, Paul F. Lantieri, Bennett Bricklin & Saltzburg LLP, Henry J. Noye, McCarter & English, LLP, Joel D. Gusky, McGivney & Kluger PC, Robert Douglas Billet, Scott F. Griffith, Billet & Conner, Philadelphia, PA, James J. McGoldrick, John M. Inabnett, Kevin A. Koudelka, Jones Carr McGoldrick LLP, Dallas, TX, Ronald H. Sherr, Mayers, Mennies & Sherr, Blue Bell, PA, Patrick A. Hamilton, Shook Hardy & Bacon LLP, Kansas City, MO, Elizabeth Hunter, Marks O'Neill

O'Brien & Courtney, Doylestown, PA, for Defendants.

## *OPINION*

ANITA B. BRODY, District Judge.

Plaintiff Clark Greenawalt seeks to remand this personal injury case back to the Philadelphia County Court of Common Pleas. I find that jurisdictional and procedural defects require remand under 28 U.S.C. § 1447(c).

Mr. Greenawalt originally filed the case in the Common Pleas court in April 2006 against many defendants, alleging that they are "jointly and/or severally liable" under state law for the leukemia he developed after workplace exposure to toxic solvents and chemicals. The defendants include manufacturers, producers, and sellers of the chemicals, as well as Mr. Greenawalt's former employer. There is no diversity of citizenship between the parties.

The complaint is comprised of ten counts, all invoking only state law. Not all of the counts apply to all of the parties, whom the complaint divides into roughly three categories: the "Liquid Wrench Defendants"; the "Non–Liquid Wrench Defendants"; and Mr. Greenawalt's employer. Only one of the numerous defendants—Radiator Specialty, one of the "Liquid Wrench Defendants"—removed to this court. The notice of removal, timely filed on July 7, 2006, invokes only 28 U.S.C. § 1441(c) as the basis for removal. Notice at 5, 17. Mr. Greenawalt filed a timely motion to remand on procedural and jurisdictional grounds on August 2, 2007.

Section 1441(c) allows removal of a case with mixed federal and non-federal claims. It has two requirements: first, the claim upon which removal is based must fall under section 1331 federal question juris-diction. Second, the claim must be "separate and independent" from the other, non-removable claims in the case.

Radiator Specialty argues first that Mr. Greenawalt's negligence claim against manufacturers, producers and sellers of the chemicals that caused his disease gives rise to federal question jurisdiction, despite the fact that it is couched completely in state law terms. No federal law is mentioned at all on the face of the complaint. But according to Radiator Specialty, the state-law claim completely preempted and thus transformed into a federal claim by the Federal Hazardous Substances Act (FHSA) and the Consumer Product Safety Act (CPSA).

Mr. Greenawalt's claims are not subject to complete preemption by the FHSA and the CPSA. Complete preemption is a jurisdictional doctrine that transforms state claims into federal claims, even if they have been pleaded purely under state law. *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). Complete preemption is not to be confused with "ordinary" preemption. In tort suits, ordinary preemption operates as a *defense* to override state laws in conflict with federal laws, but it cannot create federal jurisdiction on its own. Long established black-letter law dictates that a "well pleaded complaint" resting on purely state law grounds never give rises to federal jurisdiction, even if a federal defense, such as ordinary preemption, plainly exists. *See, e.g., Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). The well-pleaded state law complaint can only be pulled into federal court if it is completely preempted—that is, "when a federal statute wholly displaces the state-law cause of action." *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1, (2003).

■ The Third Circuit has two requirements for finding complete preemption: 1) Congressional intent that the preempted state cause of action be exclusively federal; and 2) A civil enforcement mechanism in the federal statute within which the preempted state action can fit. *Goepel v. National Postal Mail Handlers Union*, 36 F.3d 306, 311–12 (3d Cir.1994). Although there is no binding Third Circuit precedent on the question, the vast majority of courts to examine the issue have concluded that the FHSA contains no federal private right of action. *See, e.g., IQ Products Co. v. Pennzoil Products Co.*, 305 F.3d 368, 373 (5th Cir.2002); *Riegel Textile Corp. v. Celanese Corp.*, 649 F.2d 894, 903 (2d Cir.1981); *Pennsylvania General Ins. Co. v. Landis*, 96 F.Supp.2d 408, 414 (D.N.J.2000), *aff'd* 248 F.3d 1131 (3d Cir. Nov.21, 2000) (unpublished); *Cardello v. CRC Industries, Inc.*, 432 F.Supp.2d 555, 558 (W.D.Pa.2006). I adopt the view of those courts that the FHSA has no private right of action and thus provides no civil enforcement mechanism as required by *Goepel* for complete preemption.

■ Radiator Specialty argues further that the CPSA's private right of action, 15 U.S.C. § 2072, can be applied to FHSA labeling regulations, even if the FHSA itself does not have a private right of action. But section 2072 of the CPSA does not apply to negligence claims and it expressly preserves residual state remedies. Thus, even if the CPSA gives a private right of action for certain FHSA rule violations, it plainly does not "wholly displace[ ]" state law so as to completely preempt state law jurisdiction over all tort claims having any-

thing at all to do with products regulated by the FHSA and CPSA. *Beneficial*, 539 U.S. at 8, 123 S.Ct. 2058. A CPSA-derived right of action would neither evince Congressional intent that *all* state-law tort claims involving regulated chemicals be federalized, nor provide the necessary parallel federal civil enforcement mechanism. *Goepel*, 36 F.3d at 311–12.[1]

■ Radiator Specialty also fails to meet the "separate and independent claim" requirement for removal under section 1441(c). It offers nothing but the most barebones, conclusory statement in its Notice to Remove to support the applicability of section 1441(c)'s "separate and independent claim" requirement. Notice at 5, 17. Despite the fact that Mr. Greenawalt's remand motion addresses the propriety of section 1441(c) removal in some detail, Motion to Remand at 11–14, Radiator Specialty entirely fails to respond in its opposition. This lack of attention is surprising, given that section 1441(c) is a little-used basis for remand and has very particular requirements.

■ Section 1441(c) only allows removal of a "separate and independent" cause of action. This standard cannot be met where there is "a single wrong to plaintiff ... arising from an interlocked series of transactions." *American Fire v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951).[2] A joint tortfeasor like Radiator Specialty is by definition not the target of a "separate and independent claim" apart from the claims against the other joint tortfeasors:

---

1. Radiator Specialty's reliance on *Grable v. Darue*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005), is misplaced. *Grable* concerns a very narrow category of federal jurisdiction not relevant to this case.

2. Although section 1441(c) has been amended since *American Fire v. Finn* was decided, those amendments do not affect the "separate and independent" analysis. *Finn* is still the leading case. *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 786 (3d Cir.1995) (citing *Finn* ).

Where, in the absence of clear proof of bad faith in the joinder, concurrent acts of negligence on the part of the defendants sued as joint tort-feasors are sufficiently alleged, a separable controversy is not presented and the fact that the defendants might have been sued separately affords no ground for removal.

*Pullman Co. v. Jenkins,* 305 U.S. 534, 538, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *see also* Charles A. Wright, 14C *Federal Practice and Procedure* § 3724 at n. 51 and accompanying text (3d ed.1998). Further, claims that could fall under the "common nucleus of operative fact" standard for supplemental jurisdiction can logically never be "separate and independent claims" for § 1441(c) purposes. *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 786 (3d Cir.1995) (citing *Finn); see also Federal Practice and Procedure* § 3724 at 60–61.

In this case, Mr. Greenawalt's complaint alleges only a single injury (his leukemia) arising out of an interlocked series of transactions and a common nucleus of facts (the production, sale, marketing, and use of certain leukemia-causing chemicals at his workplace over a defined period of time). These claims are not separate and independent from each other. Radiator Specialty is one of many joint tortfeasors in the case accused of causing the same harms. Under the applicable Third Circuit and Supreme Court case law, the claims against Radiator Specialty arise out of the same facts and are clearly not separate and independent from the other nonremovable claims in the case. Accordingly, section 1441(c) does not allow removal and would not even if Mr. Greenawalt's state law claim were completely preempted.

Because Radiator Specialty has not met the requirements for removal, I remand this case to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c).

### ORDER

This *19TH* day of *January,* 2007, **IT IS ORDERED:** Plaintiff's Motion to Remand (docket entry # 31) is **GRANTED.** The case is remanded to the Court of Common Pleas of Philadelphia County, Pennsylvania.