

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2007

# Seawright v. Greenberg

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5295

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"Seawright v. Greenberg" (2007). *2007 Decisions*. Paper 1242.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1242

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5295
_____

LINDA SEAWRIGHT, PERSONAL REPRESENTATIVE AND ADMINISTRATRIX
OF THE ESTATE OF JOSEPH JACKSON,

Appellant

v.

ANDREW E. GREENBERG; THE CHARTWELL LAW OFFICE; SHERILL
DOUGHERTY; WEBER, GOLDSTEIN, GREENBERG AND GALLAGHER, LLP;
METRO MOBILITY; METRO CARE INC.; ROSEANN LERTZMAN; MICHAEL
CLARK; TED FRICKER; JOHN EASTERN COMPANY, INC.; JAMES
BOSAKOWSKI; JENKINS, WOLF, RUBINATE HASSON & STYLIADES; JENKINS,
ROBINSON, WOLF & RUBINATE; LIBERTY MUTUAL INSURANCE COMPANY;
LIBERTY MUTUTAL FIRE INSUARANCE COMPANY; JENNIFER SCOTT;
JOSEPH MALONE; CASUALTY RECIPROCAL EXCHANGE; HARTFORD
MUTUAL INSURANCE COMPANY; JOHN R. DUDA; JOAN VESSALLO; KATE
GLENNON; ANTHONY SALEM; SUBURBAN ORTHOPEDIC SPECIALISTS, P.C.;
YOLANDA WILSON; WENDELL WILSON; FRONTIER INSURANCE COMPANY;
SOUTHEASTERN PENNSYLVANIA TRANSPORTATION COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cv-02751)
District Judge:  Honorable Ronald L. Buckwalter
_____

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2007

Before:  FISHER, JORDAN and ROTH, *Circuit Judges*

(Filed April 20, 2007 )

_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Linda Seawright appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing her Amended Complaint for failing to state a claim upon which relief can be granted. For the reasons set forth below, we will affirm.

I.

Seawright is the personal representative and administratrix of the estate of Joseph Jackson. In 2000, Jackson was involved in an automobile accident, based upon which he filed workers' compensation and personal injury lawsuits. Jackson died from cancer on October 31, 2001. On February 27, 2003, after a bench trial, the United States District Court for the Eastern District of Pennsylvania entered judgment for Jackson in the personal injury case. The workers' compensation case apparently was dismissed.

On May 19, 2005, Seawright filed this lawsuit in Pennsylvania state court against the owner of the vehicle driven by Jackson at the time of the accident, the owner and driver of the other vehicle, the lawyers and law firms who opposed Jackson's workers' compensation and personal injury cases, the doctors who examined Jackson, the defense medical expert in the personal injury case, and the insurance companies and individual employees of those companies that were involved in the workers' compensation and personal injury cases. Seawright alleged that, during the prior litigation in federal court,

the defendants had committed various torts. She brought claims for misrepresentation, abuse of process, civil conspiracy, intentional infliction of emotional distress, fraud, and slander. She also alleged violations of "the Federal Rules of Civil Procedure" and "various federal laws including 18 U.S.C. Sections 1341 and 1343."

On June 9, 2005, the defendants removed the case, asserting that the District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint raised questions of federal law. On June 20, 2005, Seawright filed an Amended Complaint, in which she had crossed out the portions of the original complaint that specifically referred to federal law and, two days later, she filed a motion to remand. On August 24, 2005, the District Court denied that motion.

In an order dated November 1, 2005, the District Court granted the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), because Seawright's claims were barred by the relevant statutes of limitations and collateral estoppel. We have jurisdiction to review the November 1 order pursuant to 28 U.S.C. § 1291.

## II.

Seawright first argues that the District Court lacked subject matter jurisdiction over her Amended Complaint.[1] We exercise plenary review over such questions.

---

[1]Seawright frames this issue as whether the District Court erred in its August 24 order denying her motion to remand. The defendants argue that this Court lacks appellate jurisdiction to review that order, because the order was not identified in Seawright's Notice of Appeal. We do, however, have jurisdiction to review the November 1 order

Werwinski v. Ford Motor Co., 286 F.3d 661, 665 (3d Cir. 2002).

In determining whether the District Court has federal question jurisdiction in a removed case, we have stressed that

> our inquiry as to the presence of federal jurisdiction is not on the basis of how a complaint could have been structured or of what theory was eventually relied upon at trial. . . . [W]e perceive our task to require an examination of "the face of the complaint" for a federal question. Generally speaking, the nature of plaintiffs' claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time the petition for removal is filed.

Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa., 605 F.2d 119, 123 (3d Cir. 1979) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)).

In Seawright's original Complaint, she alleged that the defendants violated the Federal Rules of Civil Procedure and conspired to engage in mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. The Amended Complaint filed after the case was removed consisted of an exact copy of the original document, with the direct references to federal law crossed out with a black marker. Even with these alterations, it was far from clear that the federal issues had been removed from the case. For example, although Seawright crossed out the words "Federal Rules of Civil Procedure" in her allegations of discovery violations, it is unclear what other discovery rules would have

---

dismissing the case, and as the Supreme Court has stressed, "[a] litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance." Kontrick v. Ryan, 540 U.S. 443, 455 (2004). Thus, whether or not we have jurisdiction to review the August 24 order, we will determine, as part of our review of the November 1 order, whether the District Court had subject matter jurisdiction in this case.

4

been violated if not those. In any event, as we explained in <u>Westmoreland Hospital Association</u>,

> [n]otwithstanding their contention that it would have been possible to decide the . . . dispute solely on state law precepts, we see that appellants gratuitously volunteered on the face of their complaint legal conclusions based on federal statutes and regulations. Although these allegations may have been unnecessary for the ultimate disposition of the case, and here we are accepting the appellants' premise, surplusage of federal claims in pleadings is not the test.

<u>Id.</u> In sum, because "[a] subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction," <u>id.</u>, the District Court had subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

III.

Seawright also argues that the District Court erred by dismissing the Amended Complaint for failing to state a claim upon which relief can be granted. The District Court's dismissal under Rule 12(b)(6) is reviewed de novo. <u>Worldcom, Inc. v. Graphnet, Inc.</u>, 343 F.3d 651, 653 (3d Cir. 2003). "We accept all well pleaded factual allegations as true and draw all reasonable inferences from such allegations in favor of the complainant." <u>Id.</u>

The District Court correctly concluded that Seawright's claims were barred by the statutes of limitations. In her complaint, Seawright alleged that the defendants withheld documents and made several false statements during the course of the earlier litigation. The last act allegedly committed by any defendant occurred on February 20, 2003.

Seawright's slander claim is governed by a one-year statute of limitation, 42 Pa. Cons. Stat. § 5523(1), and so, to be viable, that claim would have to have been filed no later than February 20, 2004. Her other tort claims are governed by a two-year statute of limitations, 42 Pa. Cons. Stat. § 5524; so they would have to have been filed no later than February 20, 2005. Seawright's complaint, filed on May 19, 2005, was therefore untimely.

Seawright argues that the District Court erred by considering the statute of limitations defense in a Rule 12(b)(6) motion to dismiss. This Court, however, allows that defense to be considered on such a motion in cases where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002). The District Court properly relied on the face of the pleading to find that the claims were untimely.

Seawright also argues that the limitations period should be tolled under the continuing violation doctrine, which provides that "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters, 927 F.2d 1283, 1295 (3d Cir. 1991). Seawright, however, does not allege any conduct that occurred within the limitations period. Also, the continuing violations doctrine "does not apply when plaintiffs are aware of the injury at

the time it occurred." <u>Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.</u>, 331 F.3d 406, 417 n.6 (3d Cir. 2003). In her complaint, Seawright alleges that her attorney complained to the judges in the prior proceedings about the defendants' behavior. Thus, Seawright was aware of issues that she could have complained of previously, and indeed did complain of, and she may not use the continuing violations doctrine to avoid the application of the statute of limitations to her state law claims.

Because all of Seawright's claims were properly dismissed as time barred, we do not consider the alternative arguments about collateral estoppel.