**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-2009**

RONALD E. JARMUTH,

        Plaintiff - Appellant,

    v.

KEVIN COX; KEVIN COX PROFESSIONAL GROUP, now known as Kevin Cox,
M.D., Professional Corporation,

        Defendants - Appellees.

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief
District Judge.  (1:07-cv-00033-IMK)

Submitted:  May 5, 2008          Decided:  May 16, 2008

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ern Reynolds, ERN REYNOLDS PROFESSIONAL CORPORATION, Roanoke,
Virginia, for Appellant.  Timothy R. Linkous, Karen T. McElhinny,
Margaret L. Miner, SHUMAN, MCCUSKEY & SLICER, P.L.L.C., Morgantown,
West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald E. Jarmuth appeals the district court's order granting Appellees' motion to dismiss Jarmuth's claims related to documents in Appellees' possession. We have reviewed the record and find no reversible error.

Jarmuth is a federal civilian employee who filed a notice with his employer that he intended to seek compensation for a job—related injury. Jarmuth communicated with the Office of Workers' Compensation Programs ("OWCP") and at their request agreed to see Dr. Kevin Cox for an evaluation. In his complaint against Cox and his practice, Jarmuth, asserting claims citing federal regulations and statutes, sought to prevent the release of his medical records, obtain them from Cox, and justify their destruction.*

This action, initially filed in state court, was removed by Appellees to federal court. Federal courts may exercise removal jurisdiction over state court actions "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2000). A district court's original jurisdiction includes all civil claims arising under federal law. Pinney v. Nokia, Inc., 402 F.3d 430, 441 (4th Cir. 2005). Jarmuth challenges

---

*When amendment to the complaint occurs after removal, the court looks to the original complaint to determine the propriety of removal. Pinney v. Nokia, Inc., 402 F.3d 430, 443 (4th Cir. 2005); see Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939).

- 2 -

the existence of federal jurisdiction in this case.  He claims the district court erred by concluding "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims."  Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 13 (1983).

Federal regulations apply to any claims regarding access to or disclosure of records relating to claims for benefits filed under the Federal Employees' Compensation Act ("FECA").  See, e.g., 20 C.F.R. § 10.11 (2007) ("All questions related to access/disclosure, and/or amendment of FECA records maintained by OWCP or the employing agency, are to be resolved in accordance with this section.").  Because resolution of Jarmuth's claims necessitated the application of federal law, the case arose under federal law.  We thus conclude the district court did not err when it exercised its jurisdiction to decide Jarmuth's claims.

Jarmuth also argues the district court erred when it granted Appellees' Fed. R. Civ. P. 12(b)(6) motion to dismiss.  We review de novo the district court's decision to grant a motion to dismiss.  See Bosiger v. U.S. Airways, 510 F.3d 442, 448 (4th Cir. 2007).  The factual allegations in the complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff.  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

Jarmuth first claimed Cox planned to release Cox's medical evaluation of Jarmuth to OWCP in breach of Jarmuth's privacy rights. Cox, however, was permitted by federal law to disclose the information to OWCP. See 45 C.F.R. § 164.512 (2007). Jarmuth also complained Cox refused to provide to him copies of the evaluation and Jarmuth's OWCP file, but those files are official OWCP records and only OWCP could disclose them to Jarmuth. See 20 C.F.R. § 10.12(a) (2007). Jarmuth also sought to compel the destruction of all records in Cox's possession related to Jarmuth. Cox, however, lacked legal authority to destroy official records of OWCP. See 20 C.F.R. § 10.11 (2007). As a result, Jarmuth failed to state a claim upon which relief could be granted and the district court properly granted Appellees' motion to dismiss.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -